IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, AS §<br>SUBROGEE OF G.S. FREIGHT, INC. AND §<br>JOHN CHRISTNER TRUCKING §<br>§<br>VS. §<br>§<br>§<br>VINCENT PASQUALE CIOFFI § | CIVIL ACTION NO. 5:20-cv-859 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiff, LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF G.S. FREIGHT, INC. AND JOHN CHRISTNER TRUCKING, files its Original Complaint, complaining of Defendant VINCENT PASQUALE CIOFFI.

### I. PARTIES

1.1   Plaintiff, LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF G.S. FREIGHT, INC. AND JOHN CHRISTNER TRUCKING ("Lexington") is a foreign insurance company doing business in the State of Texas.  Lexington files this cause as subrogee of G.S. Freight, Inc. ("GSF") and John Christner Trucking ("JCT").

1.2   Defendant, VINCENT PASQUALE CIOFFI ("Cioffi"), is an individual who is a nonresident of Texas but engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. As such, given that this is a proceeding that arises out of the business done in this state and to which this Defendant is a party, pursuant to TCPRC 17.044(b), the Secretary of State is an agent for service of process on this Defendant.  Pursuant to TCPRC § 17.045(a), after being served with duplicate copies of process, the

secretary of state shall immediately mail a copy of the process to the defendant by registered mail or by certified mail, return receipt requested to his following home address:

> Vincent Pasquale Cioffi
> 1704 N. Hill Field Road, #6B
> Layton, UT 84041

## II. JURISDICTION

2.1     Pursuant to 28 U.S.C. § 1332, this United States District Court has jurisdiction of this action, since it is between citizens and corporations of different States and the matter in controversy exceeds the sum or value of $75,000.  In particular:

a.     Lexington is a Delaware corporation, with its principal place of business in New York.

b.     Cioffi is an individual residing in Oregon.

## III. VENUE

3.1     Venue is proper in this district and division pursuant to 28 U.S.C § 1391(a)(2) as the district and division in which a substantial part of the events or omissions occurred.

## IV. BACKGROUND FACTS

4.1     On or about January 2, 2020 at approximately 12:15 a.m., Cioffi was driving his vehicle eastbound on IH-10 at or about the MM 508 overpass in Kerr County, Texas, in the left hand lane of travel.  He reported to the scene investigating officer that he thought he was traveling too fast, and applied his brake.  He then lost control of the vehicle, and it crossed over past the right hand lane of travel, and struck a guard rail.  His vehicle bounced off the guard rail and landed on the right hand lane of travel.  Malkiat Singh was driving a 2016 Volvo Truck and 2012 Reefer Van which were owned by GSF eastbound on IH-10 in the right hand lane.  Singh collided with Cioffi's disabled vehicle that was laying in the right hand land, causing the truck

and van to overturn, and then catch fire. As a result of the accident, the truck, van and the cargo it was carrying were a total loss. The scene investigating officer attributed contributing or possible contributing factors to Cioffi in his report of: 1) driver inattention, 2) failure to control speed, and 3) fatigued or asleep.

### V.  CAUSE OF ACTION - NEGLIGENCE

5.1    The accident made the basis of this lawsuit, with the resulting damages sustained by GSF and JCT, was proximately caused by the negligence of Cioffi. Cioffi was negligent in his operation of the vehicle, in failing to control his vehicle, in failing to drive in a single lane, in traveling at an unsafe speed for the conditions, and/or in driving while fatigued or asleep. Each of these acts and omissions, separately or in combination, was other than what a reasonable person would have done under the same or similar circumstances.

### VI.  DAMAGES

6.1    As a result of the accident, GSF and JCT suffered actual damages of at least $136,008.66, calculated as follows:

| | | |
|---|---|---|
| GSF: | Totaled 2016 Volvo Truck: | $ 51,740.00 |
| GSF: | Totaled 2012 Utility Reefer Van: | $ 21,335.00 |
| GSF: | Midway Wrecker Service: | $ 39,819.06 |
| GSF: | Lost profit on shipment: | $  3,800.00 |
| JCT: | Value of lost cargo (oranges): | $ 19,314.60 |
| | | $136,008.66 |

### VII. FOR THE COURT ONLY – SUBROGATION RIGHTS

7.1    Lexington carried a policy of insurance providing coverage for property damage. By virtue of Lexington's payments under the policy, Lexington is contractually and equitably subrogated to any claim which GSF and JCT have against any third-party as the result of the third-party's legal liability, and is entitled in law and/or equity to bring the claims in the name of GSF and JCT. *See Prudential Property and Cas. Co. v. Dow Chevrolet-Olds, Inc*., 10 S.W.3rd

97, 103-04 (Tex.App.—Texarkana 1999, pet. dism'd); *Frymire Eng'g Co., Inc. ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd.,* 259 S.W.3d 140, 142 (Tex.2008); *Thoreson v. Thompson*, 431 S.W.2d 341, 347 (Tex. 1968); *Employers Casualty Co. v. Transport Insurance Co.,* 444 S.W.2d 606, 610 (Tex. 1969). Accordingly, Lexington has become subrogated to GSF and JCT's claims and damages against Cioffi, which arose out of the occurrence, and is entitled to recover from Cioffi the full amount of damages caused by him, including any deductible paid by GSF, for which Lexington pleads.

## XIII. PRAYER

8.1 WHEREFORE, Lexington prays that on final trial or hearing, Lexington recover actual damages from the Defendant, plus prejudgment and post-judgment interest, costs of Court, and such other and further relief to which Lexington may show itself justly entitled.

Respectfully submitted,

KELLY, SMITH & SCHMIDT, P.C.

*/s/ Loren R. Smith*

Loren R. Smith
State Bar No. 18643800
4305 Yoakum Boulevard
Houston, Texas 77006
(713) 861-9900
Facsimile: (713) 861-7100
smith@kellysmithpc.com
ATTORNEYS FOR PLAINTIFF LEXINGTON INSURANCE COMPANY